# Chester City *v.* White.

*Municipalities—Smallpox hospital—Equity—Consent decree—Intervening taxpayers—Vacating decree.*

Where on a bill in equity by a city to prevent the removal through the public streets, of buildings, which had been used as a smallpox hospital, the parties agree upon a decree directing that the buildings shall be destroyed, and the owners compensated by an amount mentioned, intervening taxpayers cannot, after the entry of the decree and the destruction of the buildings without payment having been made to the owners, object to the validity of the decree on the ground that the city authorities had not expressed their assent to the entering of the decree by a municipal ordinance. The vacation of the decree under such circumstances would be an unjust and inequitable exercise of judicial authority which the city itself could not demand, and the intervenors having no higher rights than the city, are subject to the same limitations and restrictions.

Argued Feb. 11, 1908. Appeal, No. 393, Jan. T., 1907, by Harry S. Riley, C. B. Mould and S. E. E. Kay, taxpayers of the city of Chester, from decree of C. P. Delaware Co., March T., 1905, No. 48, dismissing petition to set aside decree on bill in equity in case of City of Chester and the Board of Health thereof *v.* Eugene F. White and Robert S. Maison, M. D., trading as hospital for contagious diseases in Del-

aware Co., Pa. Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Petition to revoke decree.

The court below, in an opinion by JOHNSON, P. J., and BROOMALL, J., stated the facts to be as follows :

On March 27, 1905, the plaintiffs filed their bill in this court, setting forth that on July 11, 1902, Eugene F. White and Robert S. Maison, M. D., had entered into a contract with the city of Chester. This contract stipulated for the construction of a smallpox hospital within the city, or within three miles therefrom, for the reception and treatment of persons afflicted with smallpox in said city under the rules and regulations of the board of health, and upon certain compensation therein prescribed. This agreement provided for a term of two years. The hospital was erected by White and Maison, and the term of the contract had expired, and the necessity for its continuance had ceased. The hospital buildings were about to be removed by White and Maison from their present location to some other locality in the city of Chester, and that the effect thereof would be to endanger public health. The prayer in this bill was for an injunction to prevent the removal of the said buildings and their contents along any of the public highways of the city. The locality where the buildings were erected is within the corporate limits of the city of Chester. After this bill was filed, to wit: on March 31, 1905, an injunction preventing the removal of the said buildings along said public highways was issued. On May 18, 1905, the defendants filed an answer substantially setting forth that the buildings had been erected upon ground which they had leased for the purpose. The lease had expired. The buildings and contents had cost them about $12,000. They could not be removed from the demised property except over a public highway or highways of the city. They could be removed without endangering public health, and that if they were enjoined from removing them such prohibition would amount to a confiscation of their property.

A replication joining issue upon all of the averments of the answer having been filed, the case was proceeded with until September 12, 1906, when a decree nisi was entered adjudging

the injunction to be permanent.   Exceptions were filed by the defendants to this decree, which were dismissed on March 26, 1907, and at the same time a decree was entered under an agreement of the attorneys for the plaintiffs and defendants. This decree is the subject of the present contention and is here given in ipsissimis verbis.

" And now, March 26, 1907, it is ordered and decreed that the City of Chester, plaintiff above-named, pay to the defendants the sum of five thousand dollars, the same to be accepted by a stipulation to be filed by them as a full settlement of all claims and demands between the parties for or by reason of the agreement entered into between the parties for the conduct of the hospital for contagious diseases ; for or by reason of the issuance and continuance of the injunction issued herein ; for or by reason of the entry of this decree ; or for or by reason of the destruction by fire of all buildings, beds, bedding, furniture, dishes and all other property of every kind and description on the premises, the destruction of which is hereby ordered to be done within thirty days hereafter.

" It is further ordered and decreed that the injunction issued shall be and remain perpetual and that the payment of five thousand dollars by the plaintiff city and acceptance of it by the defendants relieves the parties respectively of the payment of costs one to the other.

" The payment of said sum of five thousand dollars is not to be due and payable until the buildings and property has been destroyed by fire as aforesaid.

" It is further ordered and decreed that if the said sum of five thousand dollars should not be paid by the said City of Chester within three months after demand made and after the buildings and other property having been destroyed it is stipulated that upon motion a decree shall be entered dismissing said bill with costs to the defendants."

On May 18, 1907, the petition of taxpayers was presented praying for permission to intervene in this suit for the purpose of inquiring into the validity of this decree.   On this petition a rule to show cause was granted.   An answer was filed by White and Maison denying the right of the taxpayers to intervene and further denying the right to inquire into the validity of the decree for the reason that on the twenty-ninth

day after the date of the decree they had burned the buildings in pursuance of the direction of the decree.

On May 29, 1907, the taxpayers presented their further petition to have the said decree revoked and set aside.

The court entered the following decree :

The prayer to revoke the decree of March 26, 1907, is, therefore, refused.

*Errors assigned* were (1) in entering the decree of March. 26, 1907, quoting the decree ; and (2) in not revoking the decree of March 26, 1907.

*A. B. Geary,* for appellants.—A compromise of an illegal claim imposes no liability upon a municipal corporation : Smith on Mun. Corps., sec. 739, citing Village of Fort Edward v. Fish, 33 N. Y. Supp. 784.

Property taken and destroyed or impaired in value by operation of law, by virtue of overruling necessity, and for the public welfare, has not been construed as taken for a public use, but under a penalty and hence to require no compensation : State v. Snow, 3 R. I. 64 ; Mills on Eminent Domain, secs. 4, 5, 6 ; Beer Co. v. Mass., 97 U. S. 25 ; Mugler v. Kansas, 123 U. S. 623 (8 Sup. Ct. Repr. 273); People v. Hawley, 3 Mich. 330 ; Guillotte v. New Orleans, 12 La. Ann. 432 ; Phelps v. Racey, 60 N. Y. 10 ; Blazier v. Miller, 10 Hun, 435 ; Met. Bd. of Excise v. Barrie, 34 N. Y. 657 ; Green v. Swift, 47 Cal. 536 ; Green v. State, 73 Cal. 29 (11 Pac. Repr.) 602 ; Mills on Em. Dom., sec. 7 ; Baker v. Boston, 29 Mass. 184 ; Com. v. Alger, 61 Mass. 53 ; St. Louis v. Stern, 3 Mo. App. 48 ; Moses v. Sanford, 79 Tenn. 731.

A nuisance detrimental to public health may be abated by the public or by a private citizen by destroying private property, if necessary, and in either case the owner is not entitled to compensation : 2 Wood on Nuisances (3d ed.), p. 948, secs. 735 and 736.

*O. B. Dickinson,* with him *J. E. McDonough,* for appellees.

OPINION BY MR. JUSTICE STEWART, April 20, 1908 :

However much the decree in this case may have been open

to attack on appeal for irregularity, or for reasons still more serious, it may not now be assailed in the way here attempted. This is not an appeal from the decree itself—if it were, it comes too late to avail—but an appeal from the order of the court below refusing to vacate and strike off the decree. Admitting the right of the appellants to be heard as interveners, since it was allowed by the court below, such right allows them to do only that which the original party in whose shoes they stand might do ; they are subject to the same limitations and restrictions. Can it be pretended that the city of Chester, having received the benefit of so much of the decree as required the destruction of the defendant's property, could now come in and attack the validity of the decree, in order to escape the liability imposed on it by the decree, to make compensation for the property destroyed at its instance ? If it would be inequitable to allow such demand on the part of the city, it would be none the less so to allow it at the instance of these intervening taxpayers. The decree was moulded to express what at the time was supposed to be the agreement of the parties. The effort in the court below on part of the appellants, was to show that the city authorities had not expressed their assent to the entering of the decree by municipal ordinance, and that therefore the decree, in so far as it charged liability upon the city, and embraced other things than the relief prayed for in the original bill, was invalid and should be vacated. The time to set up such defense was before anything was done under the decree to the advantage of one side or the prejudice of the other. The decree directed defendant's property to be destroyed for sanitary considerations within thirty days. On the last day of this period the property was destroyed in obedience to the decree. The appellants did not seek to intervene until afterwards. In refusing to vacate the decree the learned judge said : " It would be manifestly an illegal, unjust and inequitable exercise of judicial authority to decide that the decree of March 26, 1907, should be revoked after the defendants have incurred the loss of their property, and thus deprive them of the advantage of the other parts of the decree." In this expression of view we fully concur.

The decree is affirmed, and the appeal is dismissed at the costs of the appellants.